**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ARIA ARIEL SHANI,**<br><br>     **Petitioner,**<br><br>  v.<br><br>**DONALD J. TRUMP,** *et al.*,<br><br>     **Respondents.** | Civil Action No. 25-02323 (CCC)<br><br>**ORDER** |

**CECCHI, District Judge**

  This matter comes before the Court on Petitioner Aria Ariel Shani's habeas corpus petition pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner has paid the requisite filing fee. (ECF No. 1). Also before the Court are two motions for Petitioner's attorneys to appear *pro hac vice*. The first motion is for attorney Waleed Naser, Esq. (ECF No. 3), and the second is for Farah Chalisa, Esq. (ECF No. 4).

  This Court has screened Petitioner's habeas corpus petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2241 Cases in the United States District Courts and determined that dismissal of this matter prior to the filing of an answer is not warranted.

  The Court, having reviewed Petitioner's habeas corpus petition, and for good cause shown pursuant to Local Civil Rule 101.1(c), United States District Court for the District of New Jersey:

  **IT IS** on this 7th day of April 2025,

  **ORDERED** that Petitioner's motions seeking leave for his attorneys, Waleed Naser, Esq. and Farah Chalisa, Esq., to appear before this Court *pro hac vice* (ECF Nos. 3-4) are **GRANTED**; and it is further

  **ORDERED** that Waleed Naser, Esq. and Farah Chalisa, Esq. be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant

to Local Civil Rule 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Peter Kapitonov, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorneys admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that unless previously paid for in the current calendar year, Waleed Naser, Esq. and Farah Chalisa, Esq. shall each pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this order, enclosing with payment a completed Form PHV-15, which can be found at njcourtsonline.com; and it is further

**ORDERED** that, pursuant to Local Civil Rule 101.1(c)(3), Waleed Naser, Esq. and Farah Chalisa, Esq. shall each make a payment of $250.00 to the Clerk, United States District Court, within twenty (20) days from the date of the entry of this order; and it is further

**ORDERED** that Waleed Naser, Esq. and Farah Chalisa, Esq. shall each be bound by the General Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Civil Rule 103.1, Judicial Ethics and Professional Responsibility, and Local Civil Rule 104.1, Discipline of Attorneys; and it is further

**ORDERED** that, pursuant to Local Civil Rule 101.1(c)(4), Waleed Naser, Esq. and Farah Chalisa, Esq. shall each be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended; and it is further

**ORDERED** that local counsel, Peter Kapitonov, Esq., may file a request, the form of which is available at the Court's website, with the Clerk of the Court, for *pro hac vice* counsel to receive electronic notifications in this matter; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the petition, and this Order, to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov by close of business on April 7, 2025; and it is further

**ORDERED** that Petitioner's counsel shall also serve the OTSC on Respondents by close of business on April 8, 2025; and it is further

**ORDERED** that the Court shall hold a telephone conference with the parties at 3:00 p.m. ET on April 8, 2025 (parties are to use the following call-in number: 855-244-8681; ID No.: 23006499903##). The parties shall be prepared to discuss during the telephone conference the factual and statutory basis for Petitioner's detention; what, if any, religious accommodations are being provided to Petitioner in his current place of confinement; whether Petitioner's civil rights and conditions of confinement claims should be severed and litigated in a separate civil action; and the identity of the proper respondents and/or civil rights defendants; and it is further

**ORDERED** that the Court reserves the right to set a briefing schedule as necessary following the telephone conference with the parties; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner electronically by close of business April 7, 2025.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
_____
**Claire C. Cecchi**
**UNITED STATES DISTRICT JUDGE**